IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALLACE WILKE and GEORGIA WILKE | § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:07cv465 LG-JMR |
| UNITED STATES OF AMERICA | § § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

THE MATTER BEFORE THE COURT is the Motion [98] to Dismiss for Lack of Subject-Matter Jurisdiction. The United States seeks dismissal of Georgia Wilke's claims, asserting that she failed to exhaust her administrative remedies prior to filing this Federal Tort Claims Act suit. The Plaintiffs filed a response. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that the Motion should be granted.

DISCUSSION

Wallace and Georgia Wilke brought this medical malpractice action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Wallace Wilke seeks damages for injuries he received at the VA hospital in Biloxi, Mississippi. Georgia Wilke seeks damages for a derivative loss of consortium claim. The United States asserts that although Wallace presented an administrative claim regarding his injuries to the VA prior to filing this suit, Georgia did not. Because FTCA claimants are required to first exhaust administrative remedies by presenting an administrative claim to the appropriate federal agency, the United States contends that the Court does not have subject matter jurisdiction of Georgia's loss of consortium claim. *See Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006); 28 U.S.C. § 2675(a). The United States has provided an affidavit from the VA general counsel confirming that Georgia Wilke did not file an administrative claim with the VA. Ct. R. 98-3. Further, a

claim for loss of consortium is not asserted on her behalf in Wallace's administrative claim, nor did she sign the claim form. *See* Ct. R. 14-2.

The Plaintiffs argue that Wallace presented a claim for his injuries to the VA, and as Georgia's claim is derivative of Wallace's, she is not required to have presented a separate administrative claim in order to have exhausted her administrative remedies.

THE LEGAL STANDARD:

The United States' challenge is to the Court's subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citation omitted). There are no disputed facts at issue. The Court will rely on the allegations of the complaint and the United States' affidavit in deciding this Motion.

EXHAUSTION OF LOSS OF CONSORTIUM CLAIM:

A jurisdictional prerequisite to the institution of a Federal Tort Claims Act suit against the United States is the exhaustion of the claimant's administrative remedies through the filing of an administrative claim with the appropriate federal agency. *See Williamson v. United States Dep't of Agric.*, 815 F2d. 368, 378 (5th Cir. 1987) (barring an FTCA suit in which the plaintiff did not file an administrative claim). Section 2675(a) of title 28 of the United States Code provides in part:

> [a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any

time thereafter, be deemed a final denial of the claim for purposes of this section.

The Plaintiffs acknowledge that Georgia Wilke did not file an administrative tort claim for loss of consortium. They contend that the United States' investigation of Wallace's administrative claim was sufficient to exhaust Georgia's claim as well, relying on *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980). In that case, the Fifth Circuit held that there are only two requirements imposed by Section 2675: (1) the claimant must give the agency written notice sufficient to enable the agency to investigate; and (2) the claimant must place a value on her claim. *Id*. at 289. Plaintiffs also rely on *Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980), wherein the Fifth Circuit stated that "a Federal Tort Claims Act suit can be based on particular facts and theories of liability only when those facts and theories can be considered part of the plaintiff's administrative claim." *Id*. at 1071. The court in that case agreed that "if an administrative claim fairly apprises the Government of the facts leading to the claimant's injury, new theories of why those facts constitute tortious conduct can be included in a federal court complaint." *Id*. However, both *Adams* and *Rise* concern the sufficiency of the allegations of the injured person. Neither provides guidance for whether the claim of *another* person can be inferred from the allegations of the injured person.

Courts that have addressed this question have almost uniformly held that a spouse's loss of consortium claim must be separately exhausted in order to give the district court subject-matter jurisdiction. For example, in *Pipkin v. United States Postal Service*, 951 F.2d 272 (10th Cir. 1991), the court held that a wife's failure to assert an administrative claim for loss of consortium in her own behalf, and the husband's failure to specifically assert a loss of consortium claim resulted in the court's lack of subject-matter jurisdiction. *Id*. at 273.

In *Poynter v. United States*, 55 F. Supp. 2d 558 (W.D. La. 1999), the court held that "Mr. Poyner

cannot presume that his independent [loss of consortium] claim is automatically raised or implied in the administrative claim of his wife, and there is no indication from the face of the administrative claim form that Mr. Poyner was asserting a claim in his own right." *Id.* at 564. The claim was therefore dismissed for lack of subject-matter jurisdiction. *Id*. Finally, in *Walker v. United States*, 471 F.Supp. 38 (D.C. Fla. 1978), *aff'd* 597 F.2d 770 (5th Cir. 1979), the court held that:

> The law is settled that one person cannot file a prerequisite administrative tort claim for another person, and specifically one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse. In short, one spouse may not rely on the administrative claim of another spouse.

*Id*. at 42 (citations omitted). The *Walker* court would not even infer a loss of consortium claim for the non-filing wife when the injured husband's administrative claim included a loss of consortium claim for himself. *Id*.

In the opinion of the Court, Georgia Wilke has not exhausted administrative remedies in regard to her claim for loss of consortium. Thus, the Court lacks subject-matter jurisdiction, and the defendant's motion to dismiss will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion [98] to Dismiss for Lack of Subject-Matter Jurisdiction is **GRANTED**. Georgia Wilke's claim for loss of consortium is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 5th day of March, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE